IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE SEPULVEDA,** | : | **CIVIL NO. 1:14-CV-0749** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## M E M O R A N D U M

**I.** **Background**

On November 18, 2014, this court rejected a report and recommendation (Doc. 13) of the magistrate judge in which he recommended that the government's motion to dismiss be granted without prejudice to Plaintiff to file a new suit. In that report and recommendation, the magistrate judge opined that a federal prisoner who files a lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675 *et seq.*, was entitled to equitable tolling. The magistrate judge opined that Sepulveda's complaint was mistakenly filed in the wrong forum and was therefore entitled to equitable tolling. This court rejected the magistrate judge's opinion on the basis that (1) the first and second complaints were filed in the proper forum; (2) the first complaint was filed prematurely (28 U.S.C. § 2675(a)); and (3) the second complaint was not timely filed (28 U.S.C. § 2401(b)).

On May 22, 2015, Sepulveda filed a motion to reopen the FTCA complaint (Doc. 18). The bases for this request is that the government filed motions to stay two other similar proceedings in this district pending disposition of a case before the United States Supreme Court involving the issue of equitable tolling in a FTCA proceeding. *United States v. Wong*, _____ U.S. _____, 2015 WL 1808750 (April 22, 2015).

By order of June 15, 2015, a Rule to Show Cause was issued to the government (Doc. 20) to show cause why Sepulveda's case should not be reopened based on the *Wong* decision. On June 25, 2015, the government responded with a brief in opposition to the motion to reopen the captioned case (Doc. 21). Sepulveda filed a reply to the government's response (Doc.22) and the matter is ripe for disposition.

**II.     Discussion**

The government points out in its brief in opposition that this court's order of November 18, 2014 was a final order that was not appealed nor was there a motion for reconsideration. The government also argues that Sepulveda's claim that he is in the same position as the other two plaintiffs who did not have their cases dismissed with prejudice is not factually correct. This requires some background review.

The other plaintiffs are James Davenport and Matthew Turner. Davenport initially filed a suit on May 15, 2013 that was assigned docket number 1:13-CV-1334. That case was dismissed with prejudice by the undersigned on May 21, 2014 (Doc. 46). However, on April 17, 2014, Davenport filed a complaint assigned to docket number 3:14-0742. That case was assigned to Judge Munley and is still an active case.

Turner initially filed a suit on February 21, 2013 that was assigned docket number 3:13-CV-0491. That case was assigned to Magistrate Judge Martin C. Carlson by consent of the parties. On April 9, 2014, the magistrate judge dismissed that action without prejudice (Doc. 40). On April 18, 2014, Turner filed a new suit docketed to number 3:14-CV-0750. That action is pending before Judge Munley. Thus, the two defendants to which Sepulveda refers are open cases to which the case of *United States v. Wong*, _____ U.S. _____, 2015 WL 1808750 (April 22, 2015) may

apply.  Sepulveda does not have an active case on record.  Furthermore, the *Wong* case has not been determined to be retroactive to Sepulveda's case.

### III.     Conclusion

Based on the foregoing, Sepulveda has not presented any evidence of extraordinary circumstances that would justify relief under Federal Rule of Civil Procedure 60(b)(6).  *Solon v. DiGuglielmo*, Civ. 06-2263, 2014 WL 2880270 at *3-4 (E.D. Pa. 2014).  His motion to reopen the captioned case will be denied.  An appropriate order will be issued.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated:  July 14, 2015.