IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE SEPULVEDA,** | : | **CIVIL NO. 1:14-CV-0749** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## <u>M E M O R A N D U M</u>

Before the court is a motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. 25), filed by Plaintiff, George Sepulveda.  Sepulveda disagrees with the memorandum and order of this court filed on July 14, 2015 (Doc. 23 and 24), in which this court denied Sepulveda's request to reopen the captioned law suit and denied his request for equitable tolling.  For the reasons that follow, the motion will be denied.

**I.      Background**

Sepulveda filed a law suit pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2675 et seq.  The magistrate judge to whom the matter was referred opined that because Sepulveda mistakenly filed his law suit in the wrong forum, he should be entitled to equitable tolling.  This court found that Sepulveda did not file in the wrong forum but that his first complaint was prematurely filed and the second complaint was not timely filed (*see* Doc. 23).  The government's motion to dismiss was granted without prejudice to the plaintiff to file a new suit.  (Doc. 17.)

On May 22, 2015, Sepulveda filed a motion for reconsideration (Doc. 18).  That motion was denied on July 14, 2015 (Docs. 23 and 24).  The present motion

for relief from judgment alleges that the order of July 14, 2015 (Doc. 24) should be set aside because the United States has committed fraud and official interference.

## II.        Discussion

Sepulveda sought relief (equitable tolling) pursuant to *United States v. Wong*, ____ U.S. _____, 2015 WL 1808750 (April 22, 2015), which held that claims under the FTCA were subject to equitable tolling.  While the decision on *Wong* was pending, two other open cases in this district were stayed.  Sepulveda claims that his case should have been stayed also.

In the memorandum dismissing the motion to reopen (Doc. 23), it was noted that the order of dismissal in this case dated November 18, 2014, was a final order that was not appealed, as opposed to the two cases that were open cases.  In the instant motion, Sepulveda claims that the government knew that *Wong* was pending, as well as the court personnel, and that Sepulveda's lack of knowledge forced him to abandon his claim.

Sepulveda cites to *Hedges v. United States* , 404 F.3d 744 (3d Cir. 2005), for the proposition that his case should have the advantage of equitable tolling. The court held that where the limitations period is not considered to be jurisdictional, "equitable tolling applies when a plaintiff has 'been prevented from filing in a timely manner due to sufficiently inequitable circumstances.' " (*Id.* at 751), *citing Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999).  The inequitable circumstances occur "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." (*Hedges*, 404 F.3d at 751 (citation omitted).

**III.     Conclusion**

None of the above factors meet the considerations of the *Hedges* case. The fact that the government may have known about the pendency of the *Wong* case does not mean they misled Sepulveda, prevented him from asserting his rights, or that Sepulveda mistakenly filed in the wrong forum.  The motion filed pursuant to Federal Rule of Civil Procedure 60(b)(6) will be denied.  An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated:  August 3, 2015.